FILED

JAN 0 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAN OLMSTED )
102 Wittier Circle )
Falls Church, Virginia 22046 )
 )
    Plaintiff, )
 )
    v. )
 )
DEPARTMENT OF DEFENSE )
Washington, D.C. 20301-1155 )
 )
    and )
 )
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES )
200 Independence Avenue, S.W. )
Washington, D.C. 20201 )
 )
    and )
 )
DEPARTMENT OF THE ARMY )
7701 Telegraph Road, Suite 144 )
Alexandria, Virginia 22315-3860 )
 )
    and )
 )
DEFENSE INTELLIGENCE AGENCY )
Washington, D.C. 20340-5100 )
 )
    and )
 )
FOOD & DRUG ADMINISTRATION )
5600 Fishers Lane )
Rockville, Maryland 20857 )
 )
    and )
 )

CASE NUMBER   1:05CV00018

JUDGE:  James Robertson

DECK TYPE:  FOIA/Privacy Act

DATE STAMP:  01/06/2005

```
NATIONAL INSTITUTES OF HEALTH    )
9000 Rockville Pike              )
Bethesda, Maryland 20892         )
                                 )
                                 )
     and                         )
                                 )
                                 )
CENTERS FOR DISEASE CONTROL      )
1600 Clifton Road, N.E.          )
Atlanta, GA 30333                )
                                 )
                                 )
     Defendants.                 )
_____)
```

## COMPLAINT

This is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), for injunctive and other appropriate relief, seeking the expedited processing of requests submitted on behalf of plaintiff Dan Olmsted to defendants Department of Defense ("DoD"), and its component entities Department of the Army ("Army") and Defense Intelligence Agency ("DIA"), and the Department of Health and Human Services ("HHS") and its component entities Food & Drug Administration ("FDA"), National Institutes of Health ("NIH") and Centers for Disease Control ("CDC").

## JURISDICTION

1. This court has both subject matter jurisdiction and personal jurisdiction over the defendants pursuant to 5 U.S.C. §§ 552 (a)(6)(E)(iii), (a)(4)(B), and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552 (a)(6)(E)(iii), (a)(4)(B), and 28 U.S.C. § 1391.

2

## PARTIES

3. Plaintiff Dan Olmsted ("Olmsted") is a United States citizen, and is a senior editor at UPI and a journalist with 30 years experience. He is a "representative of the news media" as that term is defined and used by FOIA.

4. Defendant DoD is a Department of the Executive Branch of the United States Government. DoD, and its' component entities Army and DIA, are agencies within the meaning of 5 U.S.C. § 552(f)(1).

5. Defendant HHS is a Department of the Executive Branch of the United States Government. HHS, and its' component entities FDA, NIH and CDC, are agencies within the meaning of 5 U.S.C. § 552(f)(1).

## PLAINTIFF'S FOIA REQUESTS

6. By letter dated December 22, 2004, Olmsted submitted a FOIA request to each of the defendants, except CDC, seeking access to:

> *(1) all records pertaining to the Department of Defense's request to the Department of Health & Human Services and its entities (including, but not limited to the Food & Drug Administration) that it declare under section 564(b)(1) of the Federal Food Drug Cosmetic Act, or other regulatory or statutory sections, an emergency justifying an Emergency Use Authorization for anthrax vaccine for protection against anthrax disease via inhalation exposure;*
>
> *(2) all records pertaining to the Department of Defense's determination, pursuant to 564(b)(1)(B) of the Federal Food Drug Cosmetic Act, or other regulatory or statutory sections, that there is a significant potential for a military emergency involving a heightened risk to United States military forces of attack with anthrax;*
>
> *(3) all records pertaining to the Department of Defense or the Department of Health & Human Services (including, but not limited to the Food & Drug Administration) to seek (or not to seek) a waiver of informed consent from the President of the United States in order to re-commence the Anthrax Vaccination Immunization Program;*
>
> *(4) all records pertaining to the December 23, 2003, and October 27, 2004, judicial opinions issued by the Honorable Emmet Sullivan of the U.S. District Court for the District of Columbia in <u>John Doe et al. v. Rumsfeld et al.</u>, Civil Action No. 03-707*

3

(D.D.C.). This request does not seek access to judicial filings or drafts, or those documents that were provided to the parties and their counsel as being contained within the FDA administrative record pertinent to the litigation; and

(5) all records pertaining to the anthrax vaccine, "AVA", "Biothrax", "AVIP", Project BioShield Act of 2004" or "BioPort" that postdate January 1, 2003.

7. By letter dated December 23, 2004, Olmsted submitted a FOIA request to the CDC, seeking access to:

(1) all records pertaining to the CDC's "Anthrax Vaccine Safety and Efficacy Research Program" and any Investigational New Drug Applications involving the anthrax vaccine including, but not limited to, the IND dated August 15, 2001, that was sponsored by the Meningitis and Special Pathogens Branch;

(2) all records pertaining to the Department of Defense's request to the Department of Health & Human Services and its entities (including, but not limited to the Food & Drug Administration) that it declare under section 564(b)(1) of the Federal Food Drug Cosmetic Act, or other regulatory or statutory sections, an emergency justifying an Emergency Use Authorization for anthrax vaccine for protection against anthrax disease via inhalation exposure;

(3) all records pertaining to the Department of Defense's determination, pursuant to 564(b)(1)(B) of the Federal Food Drug Cosmetic Act, or other regulatory or statutory sections, that there is a significant potential for a military emergency involving a heightened risk to United States military forces of attack with anthrax;

(4) all records pertaining to the Department of Defense or the Department of Health & Human Services (including, but not limited to the Food & Drug Administration) to seek (or not to seek) a waiver of informed consent from the President of the United States in order to re-commence the Anthrax Vaccination Immunization Program;

(5) all records pertaining to the December 23, 2003, and October 27, 2004, judicial opinions issued by the Honorable Emmet Sullivan of the U.S. District Court for the District of Columbia in *John Doe et al. v. Rumsfeld et al.*, Civil Action No. 03-707 (D.D.C.). This request does not seek access to judicial filings or drafts, or those documents that were provided to the parties and their counsel as being contained within the FDA administrative record pertinent to the litigation; and

(6) all records pertaining to the anthrax vaccine, "AVA", "Biothrax", "AVIP", "Project BioShield Act of 2004", or "BioPort" that postdate January 1, 2001.

4

8. Each of the requests sought a full fee waiver and expedited processing, and set forth detailed reasoning to support each request, including the submission of numerous documentary exhibits.

## COUNT ONE-DoD

9. Olmsted adopts and incorporates the information contained in paragraph 6.

10. By letter dated December 29, 2004, DoD, denied Olmsted's request for expedited processing on the basis that the requirements for "compelling need" had not been demonstrated. The letter noted that compelling need "means a breaking news story of general public interest", and that "the use of the anthrax vaccine in the military is not 'breaking news.'"

11. Olmsted is not required to exhaust administrative remedies in order to challenge this decision.

12. DoD has wrongfully denied Olmsted expedited processing of his requests.

## COUNT TWO-HHS, FDA, NIH, CDC

13. Olmsted adopts and incorporates the information contained in paragraphs 6-7.

14. By letter dated December 29, 2004, HHS, on behalf of itself and its' component entities FDA, NIH and CDC, denied Olmsted's request for expedited processing. The letter noted that Olmsted does not meet the requirements for demonstrating compelling need and had not articulated that an "urgency to inform the public concerning actual or alleged Federal activity" exists.

15. Olmsted is not required to exhaust administrative remedies in order to challenge this decision.

16. HHS, and its' component entities, has wrongfully denied Olmsted expedited processing of his requests.

## COUNT THREE-ARMY, DIA

17. Olmsted adopts and incorporates the information contained in paragraph 6.

18. To date, neither the Army nor DIA has responded to Olmsted's request for expedited processing.

19. The Army and DIA, therefore, have failed to comply with the requisite statutory and regulatory periods that govern compliance with FOIA requests.

20. Olmsted is not required to exhaust administrative remedies in order to challenge this agency inaction.

21. The Army and DIA have unlawfully failed to issue a determination regarding Olmsted's request for expedited processing and, therefore, constructively denied it.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Dan Olmsted prays that this Court:

(A) orders the defendants to grant Olmsted expedited processing and disclose the requested records, subject to applicable exemptions, within the period of time established by the Court;

(B) provides for expeditious proceedings in this action pursuant to 28 U.S.C. § 1657(a);

(C) awards plaintiff his costs and reasonable attorney's fees incurred in this action; and

(D) grants such other relief as this court may deem just and proper.

Date: January 6, 2005

Respectfully Submitted,

Mark S. Zaid, Esq.
KRIEGER & ZAID, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2809
(202) 454-2805 fax
ZaidMS@aol.com

Attorney for Plaintiff